IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS VEGA,

        Plaintiff,

                              CASE NO.

        v.

WALMART, INC., Foreign Profit
Corporation

        Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, LUIS VEGA (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against WALMART, INC. (hereinafter referred as "WALMART" or "Defendant"), and in support of states as follows:

### INTRODUCTION

1. This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*. ("FMLA"), and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as his attorneys' fees and costs.

### JURISDICTION

2. The acts and omissions giving rise to this action occurred in Polk County, Florida.

3. Plaintiff was employed by Defendant in Winter Haven, Florida.

4. Defendant operates one or more department stores in the Central Florida area.

5. This is an action at law raises a federal question under federal law, specifically the FMLA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

## VENUE

6. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

7. Plaintiff was an employee of Defendant for approximately twelve (12) years.

8. Defendant was responsible for compensating Plaintiff in exchange for the work and hours worked by Plaintiff.

9. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

10. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2)(A).

11. As of the date of his termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

12. As of the date of her termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

13. As of the date of his termination, Defendant has a combined total of fifty (50) or more employees.

## FACTUAL ALLEGATIONS

14. Plaintiff was hired as an Order filler on or about July 15, 2008.

15. On or about June 19, 2020, Plaintiff began feeling sick.

16. Per the Company's COVID-19 policy, Plaintiff contacted Sedwick to advise Defendant that he was suffering from COVID-19 symptoms.

17. After communicating back and forth with management, Plaintiff was allowed to be out of work for approximately 2 weeks.

18. Upon his return on July 7, 2020, Plaintiff was suspended by Defendant and ultimately terminated on July 20, 2020.

19. Plaintiff could perform the essential functions of his job duties.

20. Plaintiff notified his supervisors about his medical conditions.

21. Plaintiff followed proper notice procedures.

22. Defendant was made aware of his medical conditions.

23. At the time of his termination Plaintiff was qualified for his position.

24. At the time of his termination Plaintiff was able to perform the essential functions of his job.

25. At no time during his employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet his job duties.

26. At the time of his termination, Plaintiff worked for a covered employer as defined by the FMLA.

27. At the time of his termination, Plaintiff was eligible for FMLA leave.

28. Plaintiff's notice for his need for FMLA leave was timely.

29. Plaintiff's notice for his need for FMLA leave complied with Defendant's company policies regarding request for time off.

30. Plaintiff was entitled to FMLA covered leave pursuant to 29 U.S.C. § 2612 (a)(1).

31. Defendant's actions violate the provisions of 29 U.S.C §2615(a).

32. Defendant's actions violate the provisions of 29 U.S.C §2614(a).

33. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

34. Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

35. Defendant's actions constitute discrimination in violation of Plaintiff's rights under FMLA.

36. Defendant's actions constitute discrimination in violation of the ADA.

37. Defendant's actions constitute retaliation in violation of the ADA.

## COUNT I
## RETALIATION UNDER THE FMLA

38. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 37 above as if fully set forth herein.

39. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

40. Defendant was Plaintiff's employer as defined by the FMLA.

41. Defendant discriminated and/or retaliated against Plaintiff because he exercised his rights under the FMLA.

42. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

43. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

44. Defendant's discriminatory/retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave.

45. Defendant's conduct violated Plaintiff's rights to be free from discrimination/retaliation as guaranteed by the FMLA.

46. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited

to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

47. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

48. Defendant's violations of the FMLA were willful.

49. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

   a. judgment in his favor and against Defendant for violation of the anti-discrimination provisions of the FMLA;

   b. judgment in his favor and against Defendant for damages, including lost earning, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct.

   c. judgment in his favor and against Defendant for his reasonable attorney's fees and litigation expenses;

   d. judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2671(a)(1)(A)(iii);

   e. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FMLA; and

   f. an order grating such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## INTERFERENCE UNDER THE FMLA

50. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 37 above as if fully set forth herein.

51. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

52. Defendant was Plaintiff's employer as defined by the FMLA.

53. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

54. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered damages for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

55. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

56. Defendant's violations of the FMLA were willful.

57. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

   a.   judgment in his favor and against Defendant for interference with his rights under the FMLA;

   b.   judgment in his favor and against Defendant for damages, including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

   c.   judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

   d.   judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

   e.   declaratory judgment that Defendant's practices toward Plaintiff violate his rights under the FMLA; and

   f.   an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff, LUIS VEGA, hereby requests that upon trial of this action, all issues be submitted

to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 11th day of January, 2021.

Respectfully submitted,

*s/ Bruce A. Mount*
Carlos V. Leach, Esq.
FL Bar No.: 540021
Bruce A. Mount, Esq.
FL Bar No.: 88754
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: cleach@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

*Attorneys for Plaintiff*